

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable F. B. Caudle
County Attorney
Franklin County
Mount Vernon, Texas

Dear Sir:                    Opinion No. 6559

                             Re: Is a County Commissioner
                                 of a county containing less
                                 than 10,000 population and
                                 a valuation between $4,000,001.
                                 and $6,000,001., and which
                                 county has levied 25¢ on the
                                 $100.00 for general purposes,
                                 entitled to collect his per
                                 diem as ex-officio road
                                 superintendent wholly from
                                 the General County Fund?

     We have your letter of May 9, 1945, requesting
the opinion of this department on the question stated
therein, and which question, we think, in the interest
of clarity may be restated as follows:

     "Is a County Commissioner of a county
     containing less than 10,000 population and
     a valuation between $4,000,001.00 and
     $6,000,001.00, and which county has levied
     25¢ on the $100.00 for general purposes,
     entitled to collect his per diem as ex-
     officio road superintendent wholly from
     the General County Fund?"

     Art. 2350, V. A. C. S., Texas, provides in part:

     "In counties having the following assessed
     valuations, respectively, as shown by the total
     assessed valuations of all properties, certified

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable F. S. Caudle, page 2

by the county assessor and approved by the Commissioners' Court, for county purposes, for the previous year, from time to time, the County Commissioners of such counties shall each receive annual salaries not to exceed the amounts herein specified, said salaries to be paid in equal monthly installments, at least one-half, and not exceeding three-fourths, out of the Road and Bridge Fund and the remainder out of the General Fund of the county; said assessed valuations and salaries applicable thereto being as follows:

"* * * *

"In counties having assessed valuation of less than Four Million Five Hundred Thousand Dollars ($4,500,000) each commissioner shall receive Five Dollars ($5) per day for each day served as commissioner, and a like amount when acting as ex-officio road superintendent in his Commissioner's Precinct, providing in no event shall his total compensation exceed Nine Hundred Dollars ($900) in any one year.

"In counties having assessed valuation of more than Four Million Five Hundred Thousand and One Dollars ($4,500,001) and less than Six Million Dollars ($6,000,000) each commissioner shall receive Five Dollars ($5) per day for each day served as commissioner, and a like amount when acting as ex-officio road superintendent in his Commissioner's Precinct, provided in no event shall his total compensation exceed Twelve Hundred Dollars ($1200) in any one year."

Art. 2350(1), V. A. C. S., provides:

"The salary of each County Commissioner and each County Judge may be paid wholly out of the County General Fund or, at the option of the Commissioners Court, may be paid out of the County General Fund and out of the Road and Bridge Fund in the following proportions: County Judge not to exceed seventy-five per cent (75%) of such salaries may be paid out of the Road and Bridge Fund, and the remainder out of the General Fund

Honorable F. B. Caudle, page 3

of the County, and each County Commissioner's salary may, at the discretion of the Commissioners Court, all be paid out of the Road and Bridge Fund; provided this Section shall not apply except in counties where the constitutional limit of twenty-five cents (25¢) on the One Hundred Dollars ($100) is levied for general purposes.

Art. 2350(1) was enacted in 1935 by the 44th Leg., Regular Session, House Bill No. 408, Sec. 2, p. 1038. This same Act also amended Article 2350 and is the last amendment to said Article 2350.

Generally speaking, the annual salaries of County Commissioners are fixed by the Commissioners Court in its first regular meeting each year by order duly made and entered upon the minutes of the Court within the limits as provided by Article 2350. (See Article 2350(2)). Such salaries are fixed by said Court based upon the total assessed valuations of all properties certified by the County-Assessor-Collector, approved by the Commissioners' Court for county purposes for the previous year. That is to say that the salaries of the County Commissioners for the year 1945 are based on the total assessed valuation for the previous year (1944).

To us it appears clear from the above statutes when a county with a valuation between $4,000,001.00 and $6,000,001.00 containing less than 10,000 people and has levied the constitutional limit of 25¢ on the $100.00 valuation for general purposes, that the Commissioners' Court may in its discretion pay the per diem of the Commissioner as ex-officio road superintendent wholly from the General County Fund. We therefore respectfully answer your question in the affirmative.

APPROVED MAY 22, 1945

ATTORNEY GENERAL OF TEXAS

JMcM:LJ

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Joe McCasland
Assistant

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN